UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM ALLEN GARRETT, | No. 2:16-cv-1336 AC P |
| Plaintiff, | |
| v. | ORDER |
| JEFF MACOMBER, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983, has filed a motion to expedite his case and a motion for appointment of counsel. ECF Nos. 6, 9.

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

"When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved.'" Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (quoting Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983)). The burden

1

of demonstrating exceptional circumstances is on the plaintiff.  Id.  Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.

Plaintiff lists only his indigency as grounds for appointing counsel and therefore fails to identify any exceptional circumstances that would warrant the appointment of counsel and the motion will be denied.

Plaintiff's motion for expedited consideration of his case will also be denied.  While the court understands plaintiff's frustration at how long it can take to resolve matters, the Eastern District of California maintains one of the heaviest caseloads in the nation, a significant portion of which is comprised of pro se inmate cases.  This sometimes causes unavoidable delays in the resolution of individual matters.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to expedite his case (ECF No. 6) is denied.

2. Plaintiff's motion for appointment of counsel (ECF No. 9) is denied without prejudice.

DATED: September 28, 2017

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE