UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| WILLIAM ALLEN GARRETT, | No. 2:16-cv-1336 AC P |
|---|---|
| Plaintiff, | |
| v. | ORDER |
| JEFF MACOMBER, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Plaintiff has consented to the jurisdiction of the undersigned magistrate judge for all purposes pursuant to 28 U.S.C. § 636(c) and Local Rule 305(a). ECF No. 4.

I. Application to Proceed In Forma Pauperis

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). ECF No. 2. Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments

1

of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

II.     <u>Statutory Screening of Prisoner Complaints</u>

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or that "seek[] monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989); <u>Franklin v. Murphy</u>, 745 F.2d 1221, 1227-28 (9th Cir. 1984) (citations omitted). "[A] judge may dismiss . . . claims which are 'based on indisputably meritless legal theories' or whose 'factual contentions are clearly baseless.'" <u>Jackson v. Arizona</u>, 885 F.2d 639, 640 (9th Cir. 1989) (quoting <u>Neitzke</u>, 490 U.S. at 327), <u>superseded by statute on other grounds as stated in</u> <u>Lopez v. Smith</u>, 203 F.3d 1122, 1130 (9th Cir. 2000). The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. <u>Id.</u>

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007) (alteration in original) (quoting <u>Conley v. Gibson</u>, 355 U.S. 41, 47 (1957)). However, in order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." <u>Id.</u> (citations omitted). "[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." <u>Id.</u> (alteration in original)
////

(quoting 5 Charles Alan Wright & Arthur R. Miller, <u>Federal Practice and Procedure</u> § 1216 (3d ed. 2004)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (quoting <u>Twombly</u>, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Id.</u> (citing <u>Twombly</u>, 550 U.S. at 556). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, <u>Hosp. Bldg. Co. v. Trs. of the Rex Hosp.</u>, 425 U.S. 738, 740 (1976), as well as construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, <u>Jenkins v. McKeithen</u>, 395 U.S. 411, 421 (1969) (citations omitted).

III. <u>Complaint</u>

In the complaint, plaintiff alleges that defendants Macomber, Baker, Masterson, and Cleveland violated his rights under the Eighth and Fourteenth Amendments. ECF No. 1 at 2-10. Specifically, plaintiff alleges that as a result of his disciplinary hearing for digging through trash, he was "subjected to a[n] elevated classification score which would dictate a longer placement in a 'high risk' maximum prison," lost good-time credits, and was removed from his paid prison job. <u>Id.</u> at 3. Plaintiff contends that defendants violated his right to be free from cruel and unusual punishment because the harshness of the penalty was disproportionate to the gravity of the offense, particularly in light of his culpability and state of mind. <u>Id.</u> Plaintiff also alleges that defendants were deliberately indifferent to his serious medical needs when he was removed from the yard crew, despite his ongoing treatment for mental illness. <u>Id.</u> at 5.

Plaintiff further asserts that he was denied due process when defendant Baker intentionally and purposefully refused to call his psychiatric doctor during his hearing, and claims that Baker "intentionally and purposefully treat[s] and punish[es] prisoners whom suffer from mental illnesses disparately on the basis of an unjustified discriminatory standard." <u>Id.</u> at 4. Additionally, plaintiff claims Macomber was aware of his grievances on the matter and attaches grievances showing Macomber's involvement, and although he makes no specific claims against

defendant Cleveland, he attaches documents to the complaint showing that Cleveland was also involved with his appeals. Id. at 8, 15, 17-18. Finally, plaintiff alleges that defendant Masterson discriminated against him for having a mental illness when he removed him from his position as a worker on the yard crew. Id. at 4. He has attached a copy of his rules violation report showing that Masterson is the one who wrote him up for the violation that resulted in losing his job. Id. at 32-33.

IV. Claims for Which a Response Will Be Required

    A. Fourteenth Amendment

        1. Due Process

"Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." Wolff v. McDonnell, 418 U.S. 539, 556 (1974) (citation omitted). However, an inmate subject to disciplinary sanctions that include the loss of good-time credits must receive (1) twenty-four-hour advanced written notice of the charges against him, id. at 563-64; (2) "a written statement by the factfinders as to the evidence relied on and the reasons for the disciplinary action," id. at 564-65 (internal quotation marks and citation omitted); (3) an opportunity to call witnesses and present documentary evidence where doing so "will not be unduly hazardous to institutional safety or correctional goals," id. at 566; (4) assistance at the hearing if he is illiterate or if the matter is complex, id. at 570; and (5) a sufficiently impartial fact finder, id. at 570-71. A finding of guilt must also be "supported by some evidence in the record." Superintendent v. Hill, 472 U.S. 445, 454 (1985).

In this case, while plaintiff did lose good-time credits, he is not entitled to relief based on this fact alone.[1] He must also allege that he was denied one of the procedural protections outlined

---

[1] Plaintiff states he was found guilty of a rules violation, resulting in the loss of good-time credits. ECF No.1 at 3. It is not clear from the face of the complaint whether the loss of good-time credits affected the length of plaintiff's sentence, and so the claim will be permitted to go forward at the screening stage. However, if success in this action will imply the invalidity of plaintiff's custody, then he will not be able to proceed unless he can show that the disciplinary finding has already been overturned. Heck v. Humphrey, 512 U.S. 477, 486-87 (1994); Edwards v. Balisok, 520 U.S. 641, 646-48 (1977) (applying Heck to disciplinary convictions that result in the loss of good-time credits).

4

in Wolff. In his complaint, plaintiff alleges that defendant Baker refused to allow him to call the psychiatric doctor as a witness during his disciplinary proceedings. ECF No. 1 at 4. The court can further infer from the allegations that plaintiff should have been allowed to call this witness because "permitting him to do so [would] not [have been] unduly hazardous to institutional safety or correctional goals." Wolff, 418 U.S. at 566. Plaintiff also alleges that Baker was not sufficiently impartial because he discriminated against inmates like plaintiff who were suffering from a mental illness. Taken as true, these allegations are sufficient to state a claim for denial of due process and defendant Baker will be required to respond to the allegation.

### 2. Equal Protection

The Fourteenth Amendment's Equal Protection Clause requires the State to treat all similarly situated people equally. City of Cleburne v. Cleburne Living Ctr., 473 U.S. 432, 439 (1985) (citation omitted). "To state a claim for violation of the Equal Protection Clause, a plaintiff must show that the defendant acted with an intent or purpose to discriminate against him based upon his membership in a protected class." Serrano v. Francis, 345 F.3d 1071, 1082 (9th Cir. 2003) (citing Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998)). Alternatively, a plaintiff may state an equal protection claim if he shows similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate government purpose. Vill of Willowbrook v. Olech, 528 U.S. 562, 564 (2000) (citations omitted).

Plaintiff alleges that he was disparately punished because of his mental illness. ECF No. 1 at 4-5. He alleges that defendant Masterson specifically and repeatedly told him that "he didn't want [him] to work on the yard crew and he only hired higher functioning prisoners." Id. at 5. Coupled with the rules violation report written by Masterson that led to plaintiff's job loss (id. at 32-33), it appears that plaintiff is alleging that Masterson wrote him up in order to get him off the yard crew because he had mental health conditions. Id. Plaintiff also alleges that Baker treated him unfairly during his disciplinary hearing because of his mental illness. Id. at 4.

Neither prisoners nor mentally ill persons qualify as a protected class. See Mayner v. Callahan, 873 F.2d 1300, 1302 (9th Cir. 1989); City of Cleburne, 473 U.S. at 445-46. However, plaintiff alleges facts sufficient to show that the disparate treatment he received was not rationally

5

related to a legitimate state interest and was instead based solely on Masterson and Baker's personal biases against those with mental health conditions. Accordingly, defendants Masterson and Baker will be required to respond to the allegations.

V. Failure to State a Claim

    A. Eighth Amendment

        1. Excessive Punishment

"The Eighth Amendment prohibits cruel and unusual punishment in penal institutions. Whether a specific act constitutes cruel and unusual punishment is measured by 'the evolving standards of decency that mark the progress of a maturing society.'" Wood v. Beauclair, 692 F.3d 1041, 1045-46 (9th Cir. 2012) (quoting Hudson v. McMillian, 503 U.S. 1, 8 (1992)). "In evaluating a prisoner's Eighth Amendment claim, courts consider whether 'the officials act[ed] with a sufficiently culpable state of mind' and if the alleged wrongdoing was objectively 'harmful enough' to establish a constitutional violation." Id. at 1046 (quoting Hudson, 503 U.S. at 8).

Plaintiff alleges that the punishment he received was grossly disproportionate to the gravity of the offense, considering his known mental illness, level of culpability, and state of mind. ECF No. 1 at 3. He further alleges that the nature and circumstance of the rule violation for which he was punished would otherwise have received mental health treatment rather than disciplinary action. Id. Plaintiff claims that as a result of his disciplinary hearing, he was subjected to a higher classification in a "'high risk' maximum prison," lost good-time credits, and was removed from his paid prison job. Id.

In this case, the facts alleged do not establish cruel and unusual punishment as prohibited by the Eighth Amendment. While plaintiff asserts that his rights were grossly violated because he was removed from a prison job for having a "known mental illness" (id.), the Eighth Amendment does not guarantee prison employment, and removal from a prison job does not constitute cruel and unusual punishment. Baumann v. Ariz. Dep't of Corr., 754 F.2d 841, 846 (9th Cir. 1985) ("General limitation of jobs and educational opportunities is not considered punishment." (citing Rhodes v. Chapman, 452 U.S. 337, 348 (1981); Hoptowit v. Ray, 682 F.2d 1237, 1254-55 (9th Cir. 1982))). Nor does the Eighth Amendment protect good time credits. See United States v.

Brown, 59 F.3d 102, 104-05 (9th Cir. 1995) (loss of good time credit and disciplinary transfer not "punishment" for purposes of double jeopardy because even if punitive, they do not alter original sentence and serve remedial goals); Snaman v. Thornburgh, 956 F.2d 275 (Table), 1992 WL 33924, at *3, 1992 U.S. App. LEXIS 4007, at *9 (9th Cir. 1992) (finding that where plaintiff lost time credits due to a disciplinary violation "we cannot accept the notion that the mere lengthening of a sentence (or, more precisely, declining to shorten a sentence) by 100 days could establish an Eighth Amendment violation" (citations omitted)). Plaintiff's claim that his punishment received a "cruel and unusual punishment" is insufficient as a matter of law.

### 2. Deliberate Indifference

To state a claim of deliberate indifference to a prisoner, the plaintiff must plausibly allege that the deprivation of his rights was "objectively, sufficiently serious," and that the prison official had "a sufficiently culpable state of mind." Farmer v. Brennan, 511 U.S. 825, 834 (1970) (citations and internal quotation marks omitted). For deliberate indifference to a serious medical need, plaintiff must show (1) "a 'serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (some internal quotation marks omitted) (quoting McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir. 1992)). A prison official will be liable only if "the official knows of and disregards an excessive risk to inmate health and safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer, 511 U.S. at 837. "Prison officials are deliberately indifferent to a prisoner's serious medical needs when they 'deny, delay or intentionally interfere with medical treatment.'" Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990) (quoting Hutchinson v. United States, 838 F.2d 390, 394 (9th Cir. 1988)).

Plaintiff alleges that he was wrongfully removed from a work assignment without consideration for his known mental illness and that his treatment necessitated placement in the yard. ECF No. 1 at 5. However, plaintiff makes, at best, only general allegations that he was at

risk for his mental health disorders becoming worse.  The complaint also fails to plead facts demonstrating that defendants Masterson and Baker were deliberately indifferent to his medical needs when they removed him from the yard position, because he does not show that they were knowingly interfering with his mental health treatment.  Facts sufficient to show discriminatory intent do not necessarily show knowing indifference to a serious risk of harm.  Although plaintiff asserts that his mental health assessment stated that he "would benefit from out of cell therapeutic activities" (id. at 9), the specific recommendation noted benefits from "1:1 PC interaction and from groups" and "contact with his family" (id. at 39).  There was no mention of maintaining his job on the yard crew.  Thus, plaintiff's generalized allegations are insufficient to state a claim and the claim will be dismissed.  Since plaintiff may be able to allege additional facts regarding the mental health treatment plan defendants Masterson and Baker may have disregarded or interfered with, he will be given leave to amend.

B. Defendants Macomber and Cleveland

To the extent plaintiff is alleging that defendants Macomber and Cleveland violated his due process rights because they denied his administrative appeals, these claims fail and must be dismissed without leave to amend.  Plaintiff has no claim for the "loss of a liberty interest in the processing of his appeals . . . because inmates lack a separate constitutional entitlement to a specific prison grievance procedure."  Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988)) (holding that inmate's claim that prison officials violated his due process rights when they denied his disciplinary appeal which asserted he was not allowed to call witnesses and that they "'added things' to his appeal to mask the procedural errors committed at the disciplinary hearing" did not state a cognizable due process claim).  Accordingly, the prison grievance procedure does not confer any substantive constitutional rights upon inmates and actions in reviewing and denying inmate appeals generally do not serve as a basis for liability under § 1983.  Id.

Additionally, "[t]here is no respondeat superior liability under section 1983."  Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (citation omitted).  "A defendant may be held liable as a supervisor under § 1983 if there exists either (1) his or her personal involvement in the

constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." Starr v. Baca, 652 F.3d 1202, 1207 (9th Cir.2011) (citation and internal quotation marks omitted). However, supervisory liability may exist without any personal participation if the official implemented "a policy so deficient that the policy itself is a repudiation of the constitutional rights and is the moving force of the constitutional violation." Redman v. County of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc) (citation and internal quotation marks omitted), abrogated in part on other grounds by Farmer, 511 U.S. at 837-38.

Defendant Macomber is identified as the warden, "sued under [h]is official capacity." ECF No. 1 at 3. Defendant Cleveland is not mentioned anywhere in plaintiff's complaint aside from simply having his name listed as a defendant, at which point he is also identified as a lieutenant. Id. at 2. To the extent plaintiff is attempting to make a claim for supervisory liability against defendants Macomber or Cleveland, he fails to state a claim. Upon review of plaintiff's attachments, it appears defendant Cleveland conducted the First Level of Review appeal interview (id. at 15, 25) and defendant Macomber reviewed the Second Level of Review application (id. at 17-18, 26). However, aside from alleging that defendant Macomber was aware of plaintiff's particular grievances, the complaint fails to allege any personal involvement or causal link between the supervisor's conduct and the alleged violations. Simply knowing about the alleged violations after the fact is insufficient. In order to be liable, defendants must have learned about the violations at a time when they had an opportunity to intervene. Further, to the extent plaintiff is attempting to claim that a policy or practice violated his rights, the complaint neither identifies a specific policy or practice implemented by defendants Macomber or Cleveland which violated his rights, nor alleges a factual basis for finding either defendant responsible for implementing such a policy or practice. Any claims based on supervisory liability must therefore be dismissed for failure to state a claim.

VI. Leave to Amend

For the reasons set forth above, the court finds that the complaint does not state any cognizable claims against defendants Macomber and Cleveland or under the Eighth Amendment.

However, plaintiff will be given the opportunity to amend the complaint if he desires.

Plaintiff may proceed forthwith to serve defendants Baker and Masterson on his claim that they discriminated against him because he had mental health conditions and against Baker for denying him due process at his disciplinary hearing, or he may delay serving any defendant and amend the complaint to attempt to state cognizable claims under the Eighth Amendment and against defendants Macomber and Cleveland.

Plaintiff will be required to complete and return the attached notice advising the court how he wishes to proceed. If plaintiff chooses to amend the complaint, he will be given thirty days to file an amended complaint. If plaintiff elects to proceed on his Fourteenth Amendment claims against defendants Baker and Masterson without amending the complaint, the court will send him the necessary forms for service of the complaint. A decision to go forward without amending the complaint will be considered a voluntarily dismissal without prejudice of the Eighth Amendment claims and all claims against defendants Macomber and Cleveland.

If plaintiff chooses to file a first amended complaint, he must demonstrate how the conditions about which he complains resulted in a deprivation of his constitutional rights. Rizzo v. Goode, 423 U.S. 362, 370-71 (1976). Also, the complaint must allege in specific terms how each named defendant is involved. Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Id.; Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient." Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

Plaintiff is also informed that the court cannot refer to a prior pleading in order to make his first amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967), overruled in part by Lacey v. Maricopa County, 693 F.3d 896, 929 (9th Cir. 2012) (claims dismissed with prejudice and without leave to amend do not have to be re-pled in subsequent

amended complaint to preserve appeal).  Once plaintiff files a first amended complaint, the original complaint no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

VII.     Plain Language Summary of this Order for a Pro Se Litigant

Your request to proceed in forma pauperis is granted and you are not required to pay the entire filing fee immediately.

Some of the allegations in the complaint state claims against the defendants and some do not.  You have stated claims against defendants Baker and Masterson for violating your Fourteenth Amendment rights (due process and equal protection) and they will be required to respond to your claims.

All of your claims against defendants Macomber and Cleveland are dismissed because (1) the denial of your appeals does not create a separate claim for relief, and (2) you have not explained what each of these defendants did to violate your rights.  The fact that they are supervisors, by itself, is not enough to make them responsible for things done by Baker and Masterson.  Your Eighth Amendment claims are also dismissed, because (1) removing you from your job and taking away good time credits are not cruel and unusual punishment under the Eighth Amendment, and (2) you have not explained how defendants were aware of the risk that your mental health condition would be made worse by not working and that they ignored that risk.  You are being given the change to amend your complaint if you want to try again to state claims against Macomber and Cleveland, and under the Eighth Amendment, in light of the law as it is explained in this order.

You have two choices: you can either (1) proceed immediately on your Fourteenth Amendment claims against defendants Baker and Masterson, and withdraw your other claims, or (2) try to amend the complaint to state Eighth Amendment claims and claims against defendants Macomber and Cleveland.  If you want to go forward without amending the complaint, you will be voluntarily dismissing without prejudice your Eighth Amendment claims and all claims against defendants Macomber and Cleveland.  If you choose to amend your complaint, the

amended complaint must include all of the claims you want to make, including the ones that have already been found to state a claim, because the court will not look at the claims or information in the original complaint. **Any claims not in the amended complaint will not be considered.** You must complete the attached notification showing what you want to do and return it to the court. Once the court receives the notice, it will issue an order telling you what you need to do next (i.e. file an amended complaint or complete and return service paperwork).

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's Eighth Amendment claims and claims against defendants Macomber and Cleveland are dismissed with leave to amend.

4. Plaintiff has the option to proceed immediately on his Fourteenth Amendment claims against defendants Baker and Masterson as set forth in Section IV above, or to amend the complaint.

5. Within fourteen days of service of this order, plaintiff shall complete and return the attached form notifying the court whether he wants to proceed on the screened complaint or whether he wants to file a first amended complaint.

DATED: September 11, 2018

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM ALLEN GARRETT,<br><br>    Plaintiff,<br><br>    v.<br><br>JEFF MACOMBER, et al.,<br><br>    Defendants. | No. 2:16-cv-1336 AC P<br><br>PLAINTIFF'S NOTICE ON HOW TO PROCEED |

Check one:

\_\_\_\_\_ Plaintiff wants to proceed immediately on his Fourteenth Amendment claims against defendants Baker Masterson without amending the complaint. Plaintiff understands that by going forward without amending the complaint he is voluntarily dismissing without prejudice his Eighth Amendment claims and all claims against defendants Macomber and Cleveland.

\_\_\_\_\_ Plaintiff wants to amend the complaint.

DATED:_____

                                                    William Allen Garrett
                                                  Plaintiff pro se

1