UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM ALLEN GARRETT, | No. 2:16-cv-1336 KJM AC P |
| Plaintiff, | |
| v. | ORDER |
| JEFF MACOMBER, et al., | |
| Defendants. | |

By order filed January 16, 2019, this case was referred to the court's Post-Screening ADR Project, which provides early settlement conferences in actions brought by pro se prisoners. ECF No. 32. The order provided that the defendants could opt out of the program if, after investigating and conferring with plaintiff and defense counsel's supervisor, defense counsel determined in good faith that a settlement conference would be a waste of resources. Id. at 2. Prior to the settlement conference, defense counsel filed a request to opt out, in which he represented that he had investigated and discussed the case as required and determined that a settlement conference would be a waste of resources. ECF No. 44. The request was granted, the settlement conference was vacated, and a schedule for the case was issued. ECF Nos. 45, 46. Plaintiff has now filed a motion for sanctions on the grounds that he did not speak to a person with full authority to settle the case, he has not been provided a copy of the restitution order issued by the court, and defense counsel and the California Department of Corrections and

1

Rehabilitation (CDCR) have disregarded court orders. ECF No. 48. The motion will be denied.

The requirement that defendants appear with someone possessing full settlement authority applied to the actual settlement conference, if any. ECF No. 37. Such a person was not required to speak with plaintiff as part of counsel's determination that a settlement conference would be a waste of resources. ECF No. 32 at 2. With respect to plaintiff's claim that he has not received a copy of the restitution order issued by the court, the court has not issued a restitution order. In the event a settlement conference took place, the CDCR was required to provide a copy of plaintiff's inmate statement showing any restitution he still owed. ECF No. 43. Since the settlement conference has been vacated, the CDCR is not required to provide the trust account statement. If plaintiff wants a copy of his inmate trust account statement, he is free to submit a request to the appropriate individuals at the prison. Finally, for the reasons just set forth, neither counsel nor the CDCR have disregarded this court's orders.

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for sanctions (ECF No. 48) is dismissed.

DATED: April 18, 2019

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE