UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM ALLEN GARRETT,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>JEFF MACOMBER, et al.,<br><br>　　　　　Defendants. | No. 2:16-cv-1336 KJM AC P<br><br><br>ORDER |

Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Currently before the court are plaintiff's motions for appointment of counsel and to compel. ECF Nos. 50, 53. Plaintiff has also filed a proposed settlement agreement. ECF No. 51.

I.　　Motion for Appointment of Counsel

Plaintiff has requested the appointment of counsel. The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

///

1

"When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved.'" Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (quoting Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983)). The burden of demonstrating exceptional circumstances is on the plaintiff. Id. Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.

Plaintiff requests counsel on the grounds that he is indigent and seeks to protect his interests. ECF No. 50. Neither of these circumstances is extraordinary or warrants the appointment of counsel. Accordingly, the request for counsel will be denied.

II. Motion to Compel

Shortly after this court screened the complaint, and prior to service of the complaint on defendants, plaintiff filed a motion to compel discovery. ECF No. 19. Because defendants had not yet been served, the motion was denied as premature. ECF No. 20. After defendants were served and answered the complaint, the case was referred to the Post-Screening ADR Project and stayed for 120 days. ECF No. 32. On April 8, 2019, the stay was lifted in response to defendants' request to opt out of the Post-Screening ADR Project and a discovery and scheduling order was issued. ECF Nos. 45, 46. Plaintiff has now filed a motion to compel asserting that because he served his discovery requests in October, defendants have had ample time to respond. ECF No. 53. The motion will be denied.

As the court previously held, plaintiff's first motion to compel discovery was premature because defendants had not yet been served. ECF No. 20. Accordingly, defendants were under no obligation to respond to those discovery requests, nor were they required to participate in discovery while the case was stayed. The discovery and scheduling order provides that responses to discovery are due forty-five days after the request is served. ECF No. 46 at 4. According to plaintiff's recent filings, his most recent discovery requests were served on April 16, 2019. ECF Nos. 52, 54, 55. Defendants therefore have until June 3, 2019, to serve their responses and plaintiff's motion to compel is denied as premature.

III. Proposed Settlement Agreement

Plaintiff has filed a proposed settlement agreement (ECF No. 51), which the Clerk of the Court will be directed to strike. The parties are free to discuss settlement between themselves, but should not file their settlement negotiations or proposed agreements with the court. If the parties reach an agreement, then settlement agreement documents may be filed with the court as appropriate.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for appointment of counsel (ECF No. 50) is denied.
2. Plaintiff's motion to compel (ECF No. 53) is denied as premature.
3. The Clerk of the Court is directed to strike plaintiff's proposed settlement agreement (ECF No. 51) from the record.

DATED: April 24, 2019

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE