UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM ALLEN GARRETT, | No. 2:16-cv-1336 KJM AC P |
| Plaintiff, | |
| v. | ORDER |
| JEFF MACOMBER, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983, has filed a document entitled "Letter to the Court," in which he requests that the court "declare the rights of the party on the issue of deposition" and issue an order allowing plaintiff to depose defendants and a psychiatrist. ECF No. 57.

In his request, plaintiff states that it is his belief that only witnesses can be deposed, not parties, and that he does not believe defendants should be able to depose him without a court order. Id. at 1-2. Contrary to plaintiff's belief, the Federal Rules of Civil Procedure explicitly provide that a party can be deposed. Fed. R. Civ. P. 30(a)(1). Furthermore, though defendants required leave of the court to depose plaintiff because he is in prison, Fed. R. Civ. P. 30(a)(2)(B), the discovery and scheduling order granted such leave, ECF No. 46 at 5. As for plaintiff's request for an order allowing him to depose defendants and a psychiatrist, he does not require an order to conduct a deposition. To the extent plaintiff's request is actually a request for the court

1

to provide a court reporter, the statute authorizing plaintiff's in forma pauperis status does not authorize the expenditure of public funds for depositions, 28 U.S.C. § 1915; Tedder v. Odel, 890 F.2d 210, 211-12 (9th Cir. 1989) (per curiam) (expenditure of public funds on behalf of indigent litigant is proper only when authorized by Congress), and the request will be denied.

Plaintiff also expresses dissatisfaction at defendants' rejection of his settlement offers and appears to believe the rejection was not reasonable. ECF No. 57 at 2. However, defendants are not required to accept his offers of settlement.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request for a declaration of the parties' rights regarding depositions (ECF No. 57) is granted to the extent that clarification has been provided above.

2. Plaintiff's request for an order permitting him to depose defendants and a psychiatrist (ECF No. 57) is denied.

DATED: May 23, 2019

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE