UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM ALLEN GARRETT,<br><br>Plaintiff,<br><br>v.<br><br>JEFF MACOMBER, et al.,<br><br>Defendants. | No. 2:16-cv-1336 KJM AC P<br><br><br><br>ORDER |

Plaintiff, a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983, has filed objections to his deposition and a request for sanctions. ECF No. 59. He has also filed a request for discovery from defendants and their counsel. ECF No. 60.

Plaintiff objects to his deposition and requests sanctions on the grounds that defendants were not permitted to depose him without a court order, that they failed to obtain such an order, that they did not file their notice of deposition with the court, and that he was forced to answer interrogatories that he had previously left unanswered which violated of the work-product doctrine. ECF No. 59 at 1-4.

As the court has previously addressed, defendants were granted permission to depose plaintiff in the discovery and scheduling order. ECF No. 58 at 1 (citing ECF No. 46 at 5). Accordingly, they were not required to file a motion requesting permission to depose plaintiff. Next, the Local Rules explicitly provide that notices of deposition are not to be filed with the

1

court "unless and until there is a proceeding in which the document or proof of service is at issue." L.R. 250.1(a). Finally, the Federal Rules of Civil Procedure require that "testimony is taken subject to any objection," although there is an exception where not answering is necessary to preserve a privilege. Fed. R. Civ. P. 30(c)(2). In other words, plaintiff is still required to answer even though he objects to a question unless the information requested is protected by a privilege. However, plaintiff has not established that he validly raised any such privilege. Therefore, plaintiff's objections to the deposition are overruled and his request for sanctions against defendants will be denied.

Plaintiff has also filed a request for discovery. ECF No. 60. However, "discovery requests . . . must not be filed until they are used in the proceeding or the court orders filing." Fed. R. Civ. P. 5(d)(1). To the extent plaintiff may be intending his request for discovery as a motion to compel, it is not in the proper form. A motion to compel must (1) identify the discovery requests that plaintiff seeks to compel a response to, (2) set forth any objections or answers provided by defendants, and (3) explain why plaintiff believes the responses are insufficient. The request for discovery against defendants will therefore be denied.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's objections to his deposition are overruled and the request for sanctions (ECF No. 59) is denied.

2. Plaintiff's request for discovery (ECF No. 60) is denied.

DATED: June 13, 2019

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE