UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM ALLEN GARRETT,<br><br>Plaintiff,<br><br>v.<br><br>JEFF MACOMBER, et al.,<br><br>Defendants. | No. 2:16-cv-1336 KJM AC P<br><br><br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff, a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983, has filed eight motions for preliminary injunction. ECF Nos. 76, 79, 81, 82, 84, 85, 88, 90.[1]

I. Plaintiff's Allegations

The complaint alleges that defendants Baker and Masterson violated plaintiff's rights under the Fourteenth Amendment. ECF No. 1 at 4. Specifically, plaintiff alleges that defendant Baker denied him due process when he refused to call plaintiff's psychiatric doctor during the hearing on his rules violation, and that Baker intentionally gives out disparate punishment to prisoners who suffer from mental illness. Id. Defendant Masterson also allegedly discriminated

---

[1] Plaintiff's motions to compel (ECF No. 63), for a settlement conference (ECF No. 66), a pretrial conference (ECF No. 67), separate trials (ECF No. 69), reconsideration (ECF No. 71), for discovery (ECF No. 73), and for appointment of counsel (ECF Nos. 86, 96) are addressed by separate order.

1

against plaintiff when he removed plaintiff from his yard crew assignment because of his mental illness and wrote him up for the rules violation that resulted in the loss of his job. Id. at 4, 32-33.

II. Motions for Temporary Restraining Order or Preliminary Injunction

Plaintiff has filed eight motions for a temporary restraining order or preliminary injunction. ECF Nos. 76, 79, 81, 82, 84, 85, 88, 90. The motions are based on the conduct of various prison officials at the California Men's Colony. Id.

A. Standards for Issuing a Temporary Restraining Order or Preliminary Injunction

A temporary restraining order is an extraordinary measure of relief that a federal court may impose without notice to the adverse party if, in an affidavit or verified complaint, the movant "clearly show[s] that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A). The standard for issuing a temporary restraining order is essentially the same as that for issuing a preliminary injunction. Stuhlbarg Int'l Sales Co. v. John D. Brush & Co., 240 F.3d 832, 839 n.7 (9th Cir. 2001) (stating that the analysis for temporary restraining orders and preliminary injunctions is "substantially identical").

"A plaintiff seeking a preliminary injunction must establish [(1)] that he is likely to succeed on the merits, [(2)] that he is likely to suffer irreparable harm in the absence of preliminary relief, [(3)] that the balance of equities tips in his favor, and [(4)] that an injunction is in the public interest." Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008) (citations omitted). The Ninth Circuit has held that "'serious questions going to the merits' and a balance of hardships that tips sharply towards the plaintiff can support issuance of a preliminary injunction, so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest," even if the moving party cannot show that he is likely to succeed on the merits. Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1135 (9th Cir. 2011). Under either formulation of the principles, preliminary injunctive relief should be denied if the probability of success on the merits is low. Johnson v. Cal. State Bd. of Accountancy, 72 F.3d 1427, 1430 (9th Cir. 1995) ("'[E]ven if the balance of hardships tips decidedly in favor of the moving party, it must be shown as an irreducible minimum that there is a fair chance of

2

| | |
|---|---|
| 1 | success on the merits.'" (quoting <u>Martin v. Int'l Olympic Comm.</u>, 740 F.2d 670, 675 (9th Cir. |
| 2 | 1984))). |
| 3 | In order to prevail on a motion for preliminary injunctive relief, the Ninth Circuit has also |
| 4 | held |

> that there must be a relationship between the injury claimed in the motion for injunctive relief and the conduct asserted in the underlying complaint. This requires a sufficient nexus between the claims raised in a motion for injunctive relief and the claims set forth in the underlying complaint itself. The relationship between the preliminary injunction and the underlying complaint is sufficiently strong where the preliminary injunction would grant "relief of the same character as that which may be granted finally." <u>De Beers Consol. Mines[ v. United States]</u>, 325 U.S. [212,] 220, 65 S. Ct. 1130 [(1945)]. Absent that relationship or nexus, the district court lacks authority to grant the relief requested.

<u>Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.</u>, 810 F.3d 631, 636 (9th Cir. 2015).

B. <u>Plaintiff Has Not Satisfied the Standards for Injunctive Relief</u>

In this case, plaintiff has failed to demonstrate that he is likely to succeed on the merits. Moreover, the injuries claimed in the motions for injunctive relief, while similar to those alleged in the complaint, do not have a sufficient nexus to the claims in the complaint to support relief. The injuries asserted as the basis for injunctive relief arise from separate transactions and occurrences at a different prison and involving different individuals from those at issue in the complaint. Accordingly, the undersigned turns to the issues of jurisdiction and mootness.

C. <u>The Court Lacks Jurisdiction</u>

A district court has no authority to grant relief in the form of a temporary restraining order or preliminary injunction where it has no jurisdiction over the parties. <u>Ruhrgas AG v. Marathon Oil Co.</u>, 526 U.S. 574, 584 (1999) ("Personal jurisdiction, too, is an essential element of the jurisdiction of a district . . . court, without which the court is powerless to proceed to an adjudication." (alteration in original) (citation and internal quotation omitted)); <u>Paccar Int'l, Inc. v. Commercial Bank of Kuwait, S.A.K.</u>, 757 F.2d 1058, 1061 (9th Cir. 1985) (vacating district court's order granting preliminary injunction for lack of personal jurisdiction).

Plaintiff seeks relief based on the conduct of non-defendant prison officials, whose future conduct he seeks to enjoin, and the court does not have jurisdiction over those individuals unless

he provides facts showing that they are acting "in active concert or participation" with the defendants. Fed. R. Civ. P. 65(d)(2); Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 112 (1969) ("[A] nonparty with notice cannot be held in contempt until shown to be in concert or participation.")). Plaintiff has failed to provide any such facts. Because the court lacks jurisdiction over the individuals against whom plaintiff seeks injunctive relief, the motion must be denied. Zepeda v. I.N.S., 753 F.2d 719, 727 (9th Cir. 1985) ("A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court.").

### D. The Motions Are Moot

Plaintiff recently filed a notice of change of address showing that he has been transferred from the California Men's Colony to Salinas Valley State Prison. ECF No. 92. An inmate's transfer from a prison facility generally moots claims for injunctive relief against officials of that facility. Nelson v. Heiss, 271 F.3d 891, 897 (9th Cir. 2001) ("[W]hen a prisoner is moved from a prison, his action will usually become moot as to conditions at that particular facility" (citing Dilley v. Gunn, 64 F.3d 1365, 1368-69 (9th Cir. 1995))); Johnson v. Moore, 948 F.2d 517, 519 (9th Cir. 1991) (claims for injunctive relief related to conditions of confinement were moot where prisoner was transferred to another facility and "demonstrated no reasonable expectation of returning to [the original facility]." (citing Darring v. Kincheloe, 783 F.2d 874, 876 (9th Cir. 1986))). Therefore, to the extent plaintiff seeks to enjoin the conduct of individuals at the California Men's Colony, his claims for relief are moot in light of his transfer to Salinas Valley State Prison and an absence of evidence that he will be subject to those conditions again.

To the extent it appears that plaintiff may be attempting to raise new claims related to the incidents at California Men's Colony, this case is not the appropriate avenue for pursuing those claims. If plaintiff wants to file a complaint related to the conditions he experienced at California Men's Colony, he must do so in a separate action and that action must be brought in the United States District Court for the Central District of California.

Accordingly, IT IS HEREBY RECOMMENDED that plaintiff's motions for preliminary injunction, ECF Nos. 76, 79, 81, 82, 84, 85, 88, 90, be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: November 25, 2019

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE