UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| WILLIAM ALLEN GARRETT, | No. 2:16-cv-1336 KJM AC P |
|---|---|
| Plaintiff, | |
| v. | ORDER |
| JEFF MACOMBER, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983, has filed a motion to compel discovery (ECF No. 63), which defendants oppose (ECF No. 68). He has also filed motions for a settlement conference (ECF No. 66), a pretrial conference (ECF No. 67), separate trials (ECF No. 69), reconsideration (ECF No. 71), for discovery (ECF No. 73), and for appointment of counsel (ECF Nos. 86, 96).[1] Defendants have filed a motion for summary judgment. ECF No. 93.

I. Plaintiff's Allegations

The complaint alleges that defendants Baker and Masterson violated plaintiff's rights under the Fourteenth Amendment. ECF No. 1 at 4. Specifically, plaintiff alleges that defendant Baker denied him due process when he refused to call plaintiff's psychiatric doctor during the

---

[1] Plaintiff's eight motions for preliminary injunction (ECF Nos. 76, 79, 81, 82, 84, 85, 88, 90) will be addressed by separately filed findings and recommendations.

1

hearing on his rules violation, and that Baker intentionally gives out disparate punishment to prisoners who suffer from mental illness. Id. Defendant Masterson also allegedly discriminated against plaintiff when he removed plaintiff from his yard crew assignment because of his mental illness and wrote him up for the rules violation that resulted in the loss of his job. Id. at 4, 32-33.

## II. Motion to Compel

Plaintiff has filed a motion to compel further responses to his interrogatories and requests for production in which he argues that defendants' responses are evasive and elusive, and that their objections are unfounded.[2] ECF No. 63. Defendants oppose the motion on the grounds that plaintiff has not complied with Federal Rule of Civil Procedure 37(a), he has failed to properly support his objections to their responses, and their responses were adequate and their objections proper. ECF No. 68.

### A. Standards Governing Discovery

The scope of discovery under Federal Rule of Civil Procedure 26(b)(1) is broad. Discovery may be obtained as to "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). "Information within this scope of discovery need not be admissible in evidence to be discoverable." Id. The court, however, may limit discovery if it is "unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;" or if the party who seeks discovery "has had ample opportunity to obtain the information by discovery;" or if "the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C). The purpose of discovery is to "make a trial less a game of blind man's bluff and more a fair contest with the basic issues and facts disclosed to the fullest practicable extent," United States v. Procter & Gamble Co., 356 U.S. 677, 682 (1958) (citation omitted), and "to narrow and clarify the basic issues between the parties," Hickman v. Taylor, 329 U.S. 495, 501 (1947).

////

---

[2] Plaintiff has also filed two duplicate copies of his motion to compel (ECF Nos. 64, 72) which the Clerk of the Court will be directed to strike from the record.

Under Federal Rule of Civil Procedure 37(a)(3)(B), a motion to compel may be made if "a party fails to answer an interrogatory submitted under Rule 33; or a party fails to produce documents or fails to respond that inspection will be permitted . . . as requested under Rule 34." The party seeking to compel discovery has the burden of showing that the discovery sought is relevant or that its denial will cause substantial prejudice. Aros v. Fansler, 548 F. App'x 500, 501 (9th Cir. 2013) (citing Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002)). The opposing party is "required to carry a heavy burden of showing why discovery was denied." Blankenship v. Hearst Corp., 519 F.2d 418, 429 (9th Cir. 1975).

### B. Compliance with Rule 37

Defendants argue that the motion to compel should be denied because while the meet and confer requirements of Local Rule 251 have been waived, the requirement to confer under Federal Rule of Civil Procedure 37(a) has not. ECF No. 68 at 2-3. While it is true that the requirement outlined in Rule 37(a) has not been explicitly excused, and the court encourages parties to attempt to resolve disputes prior to seeking court intervention, because of plaintiff's status as a pro se prisoner, it will not be enforced here and will not provide grounds for denying the motion.

### C. Requests for Production

Plaintiff seeks to compel further responses to two requests for production, as addressed below.

> **Request for Production 1:** The names and addresses of all witnesses to the extent known by you, including, but not limited to, those intended to be called to testify at the hearing.
>
> **Response:** Defendants object to this request on the grounds that it calls for creation of a document that is not in the possession, custody, or control of Defendants. Based upon this objection, Defendants cannot respond to this request.

ECF No. 63 at 20-21.

Plaintiff requests that defendants produce a list of witnesses and their addresses, which defendants claim requires such a document to be created. While defendants' objections to the request for production are valid, in light of plaintiff's status as a pro se inmate, the court will

3

liberally construe the request for production as an interrogatory seeking the names and addresses of all witnesses defendants intend to call at trial and defendants will be required to provide a supplemental response.

> **Request for Production 2:** An opportunity to inspect and copy all of the following matter under Government code section 11507(a)-(F) that are in your possession, custody, or control:
>
> (A) All reprimands, complaint and grievances filed against correctional officer Masterson, and Luietenant [sic] Baker of excessive punishment, discrimination and all other complaints
>
> . . .
>
> (F) Investigative reports made by or on behalf of the Department of Correction or other party pertaining to the subject matter of the proceedings to the extent that these report;
>
> (G) Any other writing or thing that is relevant and would be admissible in evidence;
>
>     (1) Reflect matters perceived by the investigator in the course of his or her investigation, or
>
> . . .
>
> **Response:** Defendants object to this request on the grounds that it is compound and assumes a legal conclusion.
>
> Defendants object to part (a) of this request on the grounds that it assumes facts not in evidence and purports to compel Defendants to conduct an investigation on Plaintiff's behalf. Defendants further object to part (a) of this request on the grounds that it is not relevant to the claims or defenses in this lawsuit, unduly burdensome, overly broad, vague, ambiguous as to the phrase "of excessive punishment, discrimination and all other complaints." Defendants further object to part (a) of this request on the grounds that it seeks confidential information regarding complaints by other inmates. *See* Cal. Code Regs. tit 15, § 3321. Defendants object to the extent that portions of the request seek personnel-related information or files that are deemed to be official information and subject to the privilege for such information. *See Sanchez v. City of Santa Ana*, 936 F.2d 1027, 1033 (9th Cir. 1991). *See* Defendant's privilege log served concurrently with this response. Defendants further object because the discovery of employment records is restricted by California statutes, including Penal Code Sections 832.7 and 832.8, Government Code Section 6254, and Civil Code sections 1798.24 and 1798.40, as well as Section 3400 of Title 15 of the California Code of Regulations. Without waiving these objections, all administrative appeals filed by Plaintiff against either Defendant that are in Defendants' possession, custody, and control are contained within Attachment A. Additional responsive documents are referred to in the attached Privilege Log.

> . . .
>
> Defendants object to part (f) of this request on the grounds that it is overly broad, vague, and ambiguous as to the phrases "investigative reports made by or on behalf of the Department of Correction" and "other party." Defendants further object to part (f) of this request on the grounds that it requests confidential information the disclosure of which would create a hazard to the safety and security of the institution, and is unintelligible. Without waiving these objections, and assuming part (f) of this request is seeking all documents that contain any writings produced from a California Department of Corrections and Rehabilitation-led investigation into the December 17, 2015 rules violation report hearing, after a reasonable and diligent search, Defendants have no responsive documents in their possession, custody, or control.
>
> Defendants object to part (g) of this request on the grounds that it assumes facts not in evidence, and requests confidential information the disclosure of which would create a hazard to the safety and security of the institution. Defendants further object to part (g) of this request on the grounds that it is unduly burdensome, overly broad, vague, and ambiguous as to the phrase "any other writing or thing that is relevant and would be admissible in evidence," unintelligible, and compound. Without waiving these objections, and assuming part (g) of this request is seeking all relevant and admissible documents that contain any writings concerning matters perceived by an investigator serving on behalf of the California Department of Corrections and Rehabilitation or containing or attaching non-privileged documents otherwise responsive to this request, after a reasonable and diligent search, Defendants have no responsive documents in their possession, custody, or control.

ECF No. 63 at 21-24.

Request for Production 2 contains several subparts, and it appears that plaintiff objects only to the responses to subparts A, F, and G(1). Id. at 2-4; ECF No. 74 at 3-4.

Subpart A seeks reprimands, complaints, and grievances filed against defendants related to "excessive punishment, discrimination and all other complaints." Id. at 21.

In response to the request, defendants object in part based on relevancy and the official information privilege and refer plaintiff to their concurrently served privilege log. Id. at 22. Plaintiff argues that the log does not provide any information, that the documents requested are relevant, and that security concerns can be addressed by redacting the names of other inmates. Id. at 2-3; ECF No. 74 at 3. In responding to the motion to compel, defendants argue that they provided some documents in response to the request and that their privilege log is sufficient. ECF No. 68 at 4-5. They also note that "[t]o the extent Plaintiff is specifically searching for

documents concerning adverse action taken by CDCR against Defendants for any misconduct, after a reasonable and diligent search, Defendants did not have responsive documents in their possession, custody, or control." Id. at 5 n.4.

As an initial matter, the court finds that since the complaint is about defendants' alleged discrimination against plaintiff because of his mental health condition and Baker's denial of a witness during a disciplinary hearing, defendants' objection to the request as overbroad is well taken and the request is properly limited to reprimands, complaints, and grievances against either defendants for discriminating against inmates based on their mental health and against Baker for refusing witnesses during a disciplinary hearing. Furthermore, defendants will be required to clarify whether the absence of documents concerning adverse action taken against them by the CDCR is because no such documents exist or because the documents exist but are not in defendants' possession, custody, or control. Their response shall be limited to adverse actions against either of them arising out of discrimination against inmates based on their mental health condition and against Baker for denying witnesses during disciplinary hearings. If such documents exist but are not in defendants' possession, custody, or control, defendants shall also identify the appropriate custodian of records so that plaintiff may subpoena the records if he wishes.

With respect to the claim of privilege, "[f]ederal common law recognizes a qualified privilege for official information. Government personnel files are considered official information. To determine whether the information sought is privileged, courts must weigh the potential benefits of disclosure against the potential disadvantages. If the latter is greater, the privilege bars discovery." Sanchez v. City of Santa Ana, 936 F.2d 1027, 1033-34 (9th Cir. 1990) (citations omitted). "The balancing approach of the Ninth Circuit is mirrored in this and other courts' previous determinations that a balancing test is appropriate when the disclosure of law enforcement files in a civil action is at issue." Doubleday v. Ruh, 149 F.R.D. 601, 609 (E.D. Cal. 1993). Documents that are a part of the personnel records of officers defending civil rights actions, while containing sensitive information, are within the scope of discovery. Soto v. City of

////

6

Concord, 162 F.R.D. 603, 614-15 (N.D. Cal. 1995) (citing <u>Hampton v. City of San Diego</u>, 147 F.R.D. 227, 229 (S.D. Cal. 1993)).

A party claiming that information is privileged must "describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." Fed. R. Civ. P. 26(b)(5)(A)(ii). In addition to a privilege log, a party seeking to invoke the official information privilege and prevent disclosure must submit an affidavit from an official of the agency in control of the materials sought addressing the following concerns:

> "(1) an affirmation that the agency generated or collected the material in issue and has maintained its confidentiality; (2) a statement that the official has personally reviewed the material in question; (3) a specific identification of the governmental or privacy interests that would be threatened by disclosure of the material to plaintiff and/or his lawyer; (4) a description of how disclosure subject to a carefully crafted protective order would create a substantial risk of harm to significant governmental or privacy interests, and (5) a projection of how much harm would be done to the threatened interests if disclosure were made."

<u>Soto</u>, 162 F.R.D. at 613 (quoting <u>Kelly v. City of San Jose</u>, 114 F.R.D. 653, 670 (N.D. Cal. 1987)).

Defendants' privilege log and attached declaration are insufficient to support their claim of official information privilege. ECF No. 63 at 16-19. There is no indication as to the nature of the other inmate appeals, other than that they are against defendants, nor is there any indication as to the number or appeals or the timeframe they cover, as under date, author, and recipient defendants have simply stated "Various." <u>Id.</u> As a result, the court is unable to tell how many complaints exist or if any of them are claims for discrimination based on mental health status or denial of a witness at a disciplinary hearing. Furthermore, it is unclear from the attached declaration whether the declarant actually reviewed any of the complaints, and factors three through five are addressed in only a general and conclusory fashion. <u>Id.</u> at 16-18. This is not sufficient to support a claim of official information privilege, and the general nature of the declaration is insufficient to convince the court that redaction would not sufficiently address privacy and security concerns in this instance. Therefore, plaintiff's motion to compel will be

7

granted to the extent defendants will be required to produce redacted copies of any inmate appeals by other inmates claiming that either defendant discriminated against them based on their mental health status or that Baker violated due process by denying a witness at a disciplinary hearing. Defendants may redact identifying information of other inmates, which the court recognizes may extend beyond the names and CDCR numbers of those inmates.

Subpart F appears to seek investigative reports related to the rules violation and disciplinary hearing that form the basis of the instant action, while subpart G(1) appears to be a general request for any additional "relevant" and "admissible" writings by investigators. To the extent subpart G(1) is seeking documents from investigations other than the investigation referenced in subpart F, the request is overly broad and vague as to what material plaintiff may be seeking. However, to the extent subparts F and G(1) seek investigative documents related to the rules violation and disciplinary hearing underlying this action, defendants will be required to supplement their responses as outlined below.

In response to subpart F, defendants respond that to the extent the "request is seeking all documents that contain any writings produced from a California Department of Corrections and Rehabilitation-led investigation into the December 17, 2015 rules violation report hearing, after a reasonable and diligent search, Defendants have no responsive documents in their possession, custody, or control." ECF No. 63 at 23-24. They provide a similar response to subpart G(1) as it relates to" all relevant and admissible documents that contain any writings concerning matters perceived by an investigator serving on behalf of the California Department of Corrections and Rehabilitation or containing or attaching non-privileged documents otherwise responsive to this request." Id. at 24. It is unclear from the responses whether defendants do not have possession, custody, or control of responsive documents because such documents do not exist (e.g., because an investigation was never conducted or any documents that may have existed were destroyed), or whether the documents do exist but are outside defendants' possession, custody, or control. Accordingly, defendants will be required to clarify their responses. If such documents exist but are not in defendants' possession, custody, or control, defendants shall also identify the appropriate custodian of records so that plaintiff may subpoena the records if he wishes.

D. Interrogatories

> The Court does not hold prisoners proceeding pro se to the same standards that it holds attorneys. However, at a minimum, as the moving party plaintiff bears the burden of informing the court of which discovery requests are the subject of his motion to compel and, for each disputed response, why defendant's objection is not justified.

Waterbury v. Scribner, No. 1:05-cv-0764 OWW DLB PC, 2008 WL 2018432, at *1, 2008 U.S. Dist. LEXIS 53142, at *3 (E.D. Cal. May 8, 2008). Accordingly, though plaintiff makes a number of general objections to defendants' discovery responses, the court will address only the interrogatories specifically identified by plaintiff in his motion.

> **Interrogatory 13 (Masterson):** Correctional Officer Masterson, what is if any training you received for documenting a prisoner whom is exhibiting 'Bizarre' behavior.
>
> **Response:** Defendant objects to the first part of this interrogatory on the grounds that it is unintelligible, compound, and not relevant to the claims or defenses in this lawsuit. Defendant further objects to the first part of this interrogatory on the grounds that it is overly broad, vague, and ambiguous as to the phrases "what is if any training" and "bizarre behavior." Without waiving these objections, and assuming the first part of the interrogatory is asking Defendant Masterson to provide a general description of the training that he received concerning unusual inmate behavior, Defendant responds as follows: Custodial staff receive general training, on an annual basis, covering a broad range of topics, including, but not limited to, employing progressive discipline, providing constant verbal counseling, and, if necessary, escalating to a rules violation report. Additionally, custodial staff complete On-the-Job Training computer modules, on an ongoing basis throughout the rest of the year, which supplement the annual training.

ECF No. 63 at 34.

Plaintiff argues that Masterson failed to answer Interrogatory 13 and inappropriately objected that the requested information was not relevant. Id. at 7-8. Masterson asserts that, despite his objections, he did in fact respond to the interrogatory with a summary of the type of training he has received, and that plaintiff has not addressed how that response is deficient. ECF No. 68 at 7. He futher notes that plaintiff's claim that bizarre behavior equates to mental illness is not self-evident. Id. at n.5. The court agrees that without context, bizarre behavior does not necessarily translate to behavior caused by mental illness, but given the allegations in the

9

complaint, the term "bizarre behavior" clearly encompasses behavior resulting from mental illness. However, as defendant points out, plaintiff merely complains about the objections and has not identified any deficiencies with the actual answer provided. The motion to compel will therefore be denied as to this interrogatory.

> **Interrogatory 13(1)(b) (Baker):** Senior hearing officer in rule violation #SAC-FAB-16-06-0559 was mental health a factor?
>
> **Response:** Defendant objects to the second part of this interrogatory (1(b)) on the grounds that it is unintelligible, not relevant to the claims or defenses in this lawsuit, and vague and ambiguous as to the phrase "a factor" and the identification number "SAC-FAB-16-06-0559." Based on these objections, Defendant cannot respond to the second part of this interrogatory.

ECF No. 63 at 48.

Plaintiff contests Baker's response to Interrogatory 13(1)(b) on the ground that Baker was the hearing officer and should therefore know whether mental health was a factor during the hearing. Id. at 8. Baker responds that the interrogatory was difficult to decipher and that she was unable to locate or recall adjudicating a rules violation bearing the number identified by plaintiff. ECF No. 68 at 8. Baker further claims that based on Interrogatory 18, it appears that the violation was based on a fight that occurred a year after the incident that is the subject of this lawsuit. Id.

Although the court does not find the interrogatory to be unintelligible, defendant's objections as to relevance will be sustained. The identification number provided differs from the number assigned to the rules violation at issue (ECF No. 1 at 32), and as defendant points out, Interrogatory 18 indicates that the identification number corresponds to an unrelated rules violation (ECF No. 63 at 51). The motion will therefore be denied as to this interrogatory.

> **Interrogatory 14 (Masterson):** C/O Masterson are you aware of The Department of Correction rule that state no inmate with a mental disability be excluded from participation in or be denied benefits of service programs or activities or be subject to Discrimination? (15 CCR Section 3085.)
>
> **Response:** Defendant objects to this interrogatory on the grounds that it is vague and ambiguous as to the phrase "the Department of Correction rule." Defendant further objects to this interrogatory on the grounds that it assumes and calls for a legal conclusion. Without waiving these objections, and assuming this interrogatory asks whether Defendant Masterson is aware of the California Department of Corrections and Rehabilitation's policies concerning

> compliance with the American with Disabilities Act, Defendant responds as follows: Defendant Masterson is aware of Title 15 of the California Code of Regulations, § 3085, which states as follows: "Departmental compliance with the Americans with Disabilities Act (ADA) is currently under the supervision of federal courts as specified in Court Ordered Remedial Plans articulated in the *Armstrong v. Schwarzenegger* (previously: *Armstrong v. Davis*) case. Accordingly, departmental ADA practices, including offender ADA appeal rights are currently carried out in accordance with an Armstrong Remedial Plan (ARP) established by the court of jurisdiction."

ECF No. 63 at 50.

Plaintiff argues that Masterson has failed to provide a response to Interrogatory 14 and instead cites to the California Code of Regulations. Id. at 8. Plaintiff's objections to Masterson's response are without merit. Masterson clearly responded that he was aware of the regulation plaintiff cites and then provides the language of the regulation. Plaintiff's apparent dissatisfaction that Masterson's response does not endorse his interpretation of the regulation does not make Masterson's response inadequate. The motion will be denied as to Interrogatory 14.

> **Interrogatory 15 (Baker):** Senior hearing officer Baker and c/o Masterson are you aware that "Deliberate indifference' also can occur to mental health Discipline and mental health care? (See e.g., (Coleman v. Wilson (E.D. Cal. 1995) 912 F. Supp, 1282, 2398-1299
>
> **Response:** Defendant objects to this interrogatory on the grounds that it is not relevant to the claims or defenses in this lawsuit, vague, ambiguous as to the phrase "to mental health discipline and mental health care," and unintelligible. Defendant further objects to this interrogatory on the grounds that it assumes and calls for a legal conclusion. Based upon these objections, Defendant cannot respond to this interrogatory.

ECF No. 63 at 35.

Plaintiff argues that defendant Baker's response is elusive and unresponsive. Id. at 8. Defendant responds that the objections are appropriate because the interrogatory seeks confirmation of a legal conclusion not relevant to the issues before the court. ECF No. 68 at 8-9. The court finds defendant's objections are proper since the request seeks confirmation of a legal conclusion and deliberate indifference is not an issue before the court in this case. The motion to compel will therefore be denied as to this request.

////

11

> **Interrogatory 16 (both defendants):** Senior hearing officer Baker and c/o Masterson are you aware that 'Deliberate indifference' may be shown when applying discipling and writing rules violation ignoring a prisoner mental health needs, criteria, assesment [sic] and known pscosis [sic] behavior?
>
> **Response (both defendants):** Defendant objects to this interrogatory on the grounds that it is not relevant to the claims or defenses in this lawsuit, vague, ambiguous as to the phrase "ignoring a prisoner mental health needs assessment," and unintelligible. Defendant further objects to this interrogatory on the grounds that it assumes and calls for a legal conclusion. Based upon these objections, Defendant cannot respond to this interrogatory.

ECF No. 63 at 35-36, 51.

Plaintiff asserts that both defendants' responses were elusive and unresponsive (id. at 8-9), while defendants respond that their objections were proper because the interrogatory seeks confirmation of a legal conclusion not relevant to the issues before the court. ECF No. 68 at 9. As with Interrogatory 15, the court finds the objections are proper because the request seeks confirmation of a legal conclusion and deliberate indifference is not an issue before the court in this case. The motion to compel will therefore be denied as to Interrogatory 16.

### III. Motion for Settlement Conference

Plaintiff requests that the court schedule this case for a settlement conference (ECF No. 66) and defendants have opposed the request (ECF No. 70). This case was originally set for a settlement conference as part of this court's Post-Screening ADR Project (ECF No. 32), from which defendants requested to opt out (ECF No. 44). That request was granted (ECF No. 45), and in light of defendants' opposition (ECF No. 70), the court will not require the parties to take part in a settlement conference at this time. Plaintiff's motion for a settlement conference will therefore be denied.

### IV. Motions for Pretrial Conference and Separate Trials

Plaintiff has filed motions requesting the court schedule a pretrial conference and set separate trials for each defendant. ECF Nos. 67, 69. These motions will also be denied. The scheduling order in this case specifically provided that a "[p]retrial conference and trial dates will be set, as appropriate, following adjudication of any dispositive motion, or the expiration of time

for filing such a motion." ECF No. 46 at 6. Since dispositive motions have yet to be adjudicated, any requests related to trial or pretrial proceedings are premature.

V. Motion for Reconsideration

Plaintiff requests that the undersigned reconsider the order denying his request for discovery (ECF No. 62). ECF No. 71. The motion reflects misunderstanding of which of plaintiff's many motions the court was denying. The order denied plaintiff's request for discovery (ECF No. 60), which was simply a request for production. Plaintiff appears to believe that the order was denying his motion to compel, which is addressed by this order. Since the court had not ruled on plaintiff's motion to compel (ECF No. 63) at the time he filed the motion for reconsideration, the motion to reconsider will be denied.

VI. Motion for Discovery

Plaintiff has filed a motion for discovery, which he also refers to as a Pitchess motion, in which he requests documents from defendants' personnel records and evidence as required by Brady v. Maryland, 373 U.S. 83 (1963). ECF No. 73.

"A Pitchess motion is the procedural method established in Pitchess v. Superior Court, 11 Cal. 3d 531 (1974), and later codified by California Penal Code §§ 832.7 and 832.8 and California Evidence Code §§ 1043-1045, that allows for discovery of otherwise privileged personnel records in California." Cejas v. Brown, No. 18-cv-0543 WQH (JLB), 2019 WL 3220154, at *3, 2019 U.S. Dist. LEXIS 119205, at *6-7 (S.D. Cal. July 17, 2019) (citations omitted). "[A] Pitchess motion is not the proper procedure for obtaining production of peace officer personnel and internal affairs records in [federal civil rights cases]." Morris v. Barra, No. 10-cv-2642 AJB (BGS), 2012 WL 4900203, at *4, 2012 U.S. Dist. LEXIS 148156, at *12 (S.D. Cal. Oct. 15, 2012); see also Turner v. Spence, No. 07-cv-0022 GGH P, 2008 WL 927709, at *9, 2008 U.S. Dist. LEXIS 112296, at *26 (E.D. Cal. Apr. 4, 2008) (citations omitted).

Because a Pitchess motion is not the proper method for obtaining peace officer personnel records, the motion will be denied. Furthermore, to the extent the motion can reasonably be construed as a motion to compel, plaintiff has failed to show that he submitted these requests to defendants through a request for production under Federal Rule of Civil Procedure 34, and

13

defendants confirm that he did not (ECF No. 75 at 4). A motion to compel may be filed only after a party fails to adequately respond to discovery requests. Fed. R. Civ. P. 37(a)(3)(B). To the extent the requests have any overlap with plaintiff's second request for production, which is addressed above in relation to plaintiff's motion to compel, the motion for discovery is also denied as duplicative. Finally, if plaintiff intended his motion for discovery as a request for production, it is untimely. The deadline for serving requests for discovery was June 3, 2019 (ECF No. 46 at 5, ¶ 6), and plaintiff's motion for discovery was not served until a month after the deadline had expired with no explanation for the delay. For these reasons, plaintiff's motion for discovery will be denied.

VII. Motions for Appointment of Counsel

Plaintiff has requested the appointment of counsel. ECF Nos. 86, 96. The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

"When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved.'" Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (quoting Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983)). The burden of demonstrating exceptional circumstances is on the plaintiff. Id. Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.

Plaintiff seeks appointment of counsel on the ground that he is "unable to present or prosecute [his] case without an attorney being appointed" because he is in a crisis unit and unable to access the law library or get copies. ECF No. 86 at 1-2. He claims that he "cannot do anything without the court appointing a counselor to represent [his] issues." Id. at 2. He also claims that he is gravely disabled and unable to function, as evidenced by his transfer to a state mental

14

hospital. ECF No. 96 at 2. However, contrary to plaintiff's assertion that he is unable to pursue this case without assistance, not only did he file numerous motions leading up to the filing of his requests, but since filing his first request he has also filed a first amended complaint, "Memorandum of Contentions of Fact and Law," motion for preliminary injunction, pretrial disclosures, a reply in support of one of his motions for temporary restraining order, a request for copies, and an opposition to defendants' motion for summary judgment. Plaintiff has clearly not been prevented from pursuing this case, and the motions will be denied.

VIII. Defendants' Motion for Summary Judgment

Because the deadline for filing dispositive motions was not extended to allow for the resolution of this outstanding discovery matter, and the court has ordered the disclosure of additional documents and the supplementation of responses that plaintiff may wish to utilize in opposition to defendants' motion for summary judgment, the motion will be vacated. A deadline for defendants to resubmit their motion will be set following completion of the discovery here ordered.

Accordingly, IT IS HEREBY ORDERED that:

1. The Clerk of the Court is directed to strike the duplicate copies of plaintiff's motion to compel (ECF Nos. 64, 72);

2. Plaintiff's motion to compel, ECF No. 63, is granted in part and denied in part as follows:

    a. The motion is granted as to Requests for Production 1 and 2. Within twenty-one days of the service of this order, defendants shall provide supplemental responses to Requests for Production 1 and 2 as set forth in this order.

    b. If defendants supplement their response to Request for Production 2 with the name of a custodian of record, within one business day they must notify the court of such supplementation, and plaintiff shall have fourteen days from the service of the supplemental response to request service of a subpoena duces tecum on the custodian of record by the United States Marshals.

    c. The motion is denied as to all interrogatories;

15

3. Plaintiff's motion for a settlement conference, ECF No. 66, is denied;

4. Plaintiff's motions for a pretrial conference, ECF No. 67, and for separate trials, ECF No. 69, are denied;

5. Plaintiff's motion for reconsideration, ECF No. 71, is denied;

6. Plaintiff's motion for discovery, ECF No. 73, is denied;

7. Plaintiff's motions for appointment of counsel, ECF No. 86, 96, are denied.

8. Defendants' motion for summary judgment, ECF No. 93, is vacated. A deadline for defendants to resubmit their motion for summary judgment will be set following completion of the discovery here ordered.

DATED: November 25, 2019

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE